**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER FARRAR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 CV 333 |
| | ) | |
| v. | ) | Judge: Joan B. Gottshall |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant County of Cook, through its attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and, answer Plaintiff's Complaint as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER**: Defendants admits the allegations contained in paragraph one.

2. Plaintiff Jennifer Farrar is a female resident of the Northern District of Illinois.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

**ANSWER**: Defendants deny that Defendant Dart had any individual involvement with the

Plaintiff and admit the remaining allegations contained in paragraph three.

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

**ANSWER**: Defendants deny the allegations contained in paragraph four.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

> a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.
> b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.
> c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

**ANSWER**: Defendants deny the allegations contained in paragraph five and subparagraphs 5(a)-(c).

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> Pregnant female prisoners. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital [from] a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant

2

    female prisoner during her transport to and from the hospital and during her stay at the hospital.

**ANSWER**:  Defendants deny the allegations contained in paragraph six.

7.  Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

  a.  Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.
  b.  Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

**ANSWER**:  Defendants deny the allegations contained in paragraph seven and subparagraphs 7(a)-(b).

8.  Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

**ANSWER**:  Defendants deny the allegations contained in paragraph eight.

9.  Plaintiff was processed into the Cook County Jail as a pre- trial detainee on November 24, 2008.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

10.  At the time she was processed into the jail, plaintiff was enrolling in and receiving daily methadone from a treatment program.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.

11.  While being processed into the Jail on November 24, 2008, plaintiff informed intake

personnel that she was pregnant and that she was receiving methadone on a daily basis from a methadone program.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12. As a result of the Sheriff's policies at issue in *Parish v. Sheriff*, 07 CV 4369, plaintiff did not receive methadone until November 29, 2009 and suffered withdrawal symptoms which included vomiting sweating, cramps, and headaches. (Plaintiff is a member of the plaintiff class in the *Parish* litigation and does not seek to litigate in this action the claim that is at issue in *Parish*.)

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13. On January 7, 2009, jail personnel transported plaintiff to the Rolling Meadows Courthouse.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph thirteen.

14. In the course of the aforesaid court appearance, plaintiff went into labor and was transported by ambulance to a hospital. As required by defendant's policy, plaintiff's hand and foot were shackled while she was being transported to the hospital.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the time and location that plaintiff went into labor. Defendants deny the remaining allegations contained in paragraph fourteen

15. Plaintiff was admitted to the hospital on January 7, 2009 and assigned to a labor and delivery room.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph fifteen.

16. While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

**ANSWER**: Defendants deny the allegations contained in paragraph sixteen.

17. Plaintiff remained shackled in the labor and delivery room. Plaintiff's leg was unshackled shortly before delivery; plaintiff's hand, however, remained shackled to the bed during the delivery.

**ANSWER**: Defendants deny the allegations contained in paragraph seventeen.

18. As required by defendant Dart's "shackling policy," plaintiff remained shackled during recovery following childbirth and at all times thereafter while she remained at the hospital.

**ANSWER**: Defendants deny the allegations contained in paragraph eighteen.

19. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

**ANSWER**: Defendants deny the allegations contained in paragraph nineteen.

## JURY DEMAND

Defendants respectfully request a trial by jury.

## AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned attorneys plead the following affirmative defenses to Plaintiff's Complaint:

1. The Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Massey v. Helman* 196 F.3d 727 (7th Cir. 1999) and *Pavey v. Conley* 528 F.3d 494 (7th Cir. 2008).

2. Any injuries the Plaintiff may have incurred at the hands of the Defendants or any medical personnel were brought on by the Plaintiff's own actions.

3. Any injuries the Plaintiff may have incurred at the hands of the Defendants or any medical personnel were brought on by the Plaintiff's own habitual drug use.

**WHEREFORE,** based upon the foregoing, Defendants SHERIFF OF COOK COUNTY and COOK COUNTY, respectfully request that this Honorable Court grant judgment in their favor and against the Plaintiffs on all aspects of their Complaint and further request that this Honorable Court grant them fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
ARDC No. 6198416
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422